# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET  2ND FLOOR  NEW YORK  NY  10013
PHONE 212.620.0938  FAX 646.998.1972

June 12, 2018

**VIA ECF**
The Honorable Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza, Courtroom 13A
Brooklyn, NY 11201

*Re: Carlos **Moina Cuenca** v. Sidecar Bar & Grille Inc. et. al.  (18-cv-0506)(VMS)*

Dear Judge Scanlon:

We represent the plaintiff, Carlos Moina Cuenca ("Plaintiff"), in this action and are respectfully writing jointly with Defendants to explain why this settlement should be approved. As the Court is aware, this matter was brought under the Fair Labor Standards Act and New York State Labor Law on both his own behalf as well as on behalf of other employees employed as kitchen workers by the Defendant Sidecar Bar & Grill Inc. The parties have agreed to resolve the matter on an individual basis for $25,000 as indicated in the attached Settlement Agreement ("Agreement"). (*See* Exhibit A.)

By way of background, Plaintiff alleges that from on or about November of 2012, Defendants, James B. Decoursy, and Sidecar Bar & Grille Inc. d/b/a "Sidecar Bar & Grill", hired Plaintiff to work as a cook and food preparer for Defendants' food/beverage establishment located at 560 5th Avenue, Brooklyn, NY 11215.

In his Complaint, Plaintiff alleges that while employed by Defendants, he worked an average of 45 - 54 hours per week. He alleges his pay started at an hourly rate of $10 and finished at an hourly rate of $13. Plaintiff further alleges that from on or about January 1, 2016 to January 6, 2018, Plaintiff was paid a fixed weekly salary of $875. In addition, during settlement discussion the Plaintiff indicated that he intended to amend his complaint to add claims that he was wrongfully terminated because he had asked for time off to have surgery for a non-work related injury.

Defendants dispute the material allegations in the Complaint. , Defendants contend that Plaintiff was always paid his overtime hours in accordance with the FLSA and New York Labor Law, and that during the period from January 1, 2016 to January 6, 2018 he was a head chef and was an exempt salaried employee. Defendants further contend that this action is not suitable as a collective/class action because Plaintiff was the only employee paid on a salary basis during the last two years of his employment. As a result, Defendants contend that during the two year limitations period under the FLSA, the Plaintiff was subject to different employment policies and practices than the other members of the proposed collective action/class.

Plaintiff admittedly agrees he was paid for some of the overtime hours that he worked during the period prior to January 1, 2016. The alleged discrepancy, however, is that not all his hours were being reported or paid and that he was not properly classified as exempt during the last two years of his employment. Plaintiff admits however that he was the only employee who worked in the kitchen who was paid on an hourly basis. Additionally, even if Plaintiff's allegations are taken as true -- and he did in fact work between 45 – 54 hours per week -- then his unpaid wages would total $40,706.70 before liquidated damages. The settlement is for $25,000 to be paid over a reasonable period of time.

In addition to the litigation risks, during the course of settlement negotiations, Defendants noted that the business is facing great financial hardship and provided voluminous documentation evidencing same. This is not unusual, as the restaurant business is extremely low-margin and is severely impacted in a difficult economic climate, especially as landlords continue to increase rent.

Under the proposed Agreement, Plaintiff will receive a reasonable share of his claimed unpaid wages (before liquidated damages), and he will be able to secure the funds conveniently under the current circumstances. He will not have to bear the risk of protracted litigation or the risk that he might not be able to collect from Defendants. The proposed release is limited to the claims asserted by the Plaintiff in the Complaint, as well as the additional claims Plaintiff stated could have been asserted, and would have been asserted, in this action relating to his termination of employment had a settlement not been reached.

The proposed $25,000 settlement will be divided as follows: $16,071 for Plaintiff and $8,929 for Plaintiff's counsel. Plaintiff's counsel share includes $500 in expenses and filing fees. The rate at which I am billing is $400 per hour, a rate that is less than rates at which I have been approved for my legal services in FLSA actions in both the Eastern and Southern Districts of New York. *See, Han, et al. v. Sterling National Mortgage Company, et al.*, 09-cv-5589 (EDNY); *Amaya, et al. v. 166 Park Inc. et al.* 11-cv-1081 (EDNY); *Marte, et al. v. Energy*

M+T

*Resources Personnel LLC, et al.*, 11-cv-2490 (SDNY); *Han v AB Green Gansevoort, LLC,* et al., 11-cv-2423 (SDNY). My contingency agreement with my client caps my fees at 33% of the total recovery plus up to $500 in expenses, which is slightly less than my lodestar and expenses in this case. Our lodestar in this case totaled $10,800.

In light of the fact that Defendants offered to pay $25,000 over a reasonable period, Plaintiff, after having carefully evaluated the risks in consultation with counsel, concluded that the settlement contained in the Agreement is fair and reasonable. Plaintiff understands that he could have recovered more at trial, but considering the absence of proof, the vagaries of trial and the severe economic climate in which Defendants operate, Plaintiff has chosen to settle.

Accordingly, we respectfully request that Your Honor approve the Settlement Agreement. We thank Your Honor for considering this matter.

Respectfully submitted,

Robert L. Kraselnik, Esq.

cc: Alicia C. Rood, Esq. (ECF)

M+T