## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("the Settlement Agreement") is made and entered into by and between, on the one hand, Carlos Moina Cuenca ("CLAIMANT"), and on the other, Sidecar Bar & Grille, Inc. d/b/a Sidecar Bar & Grill, and James B. Decoursy (together, "COMPANY") (all parties collectively, "the Settling Parties"), as of ~~May~~ June 8, 2018.

## RECITALS

A. WHEREAS, on or about January 24, 2018, CLAIMANT filed an action (the "Action") against COMPANY alleging, inter alia, that COMPANY failed to pay him certain wages due in connection with services they performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No. 18-CV-0506;

B. WHEREAS, the Court has made no determination with respect to the claims presented;

C. WHEREAS, COMPANY admits no wrongdoing nor any liability with respect to CLAIMANT'S allegations;

D. NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1. <u>Consideration.</u> The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that he will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. <u>Settlement Compensation and Full General Release.</u>

COMPANY agrees to pay CLAIMANT the total sum of twenty five thousand dollars ($25,000) ("Settlement Amount") as follows:

**First Payment**

On or before June 21, 2018, COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $7,000.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

**Second Payment**

On or before August 1, 2018, or the first day of the month after approval of this Settlement Agreement by the Court, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

**Third Payment**

On or before September 1, 2018, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

**Fourth Payment**

On or before October 1, 2018, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

**Fifth Payment**

On or before November 1, 2018, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

**Sixth Payment**

On or before December 1, 2018, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

### Seventh Payment

On or before January 2, 2019, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

### Eighth Payment

On or before February 1, 2019, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

### Ninth Payment

On or before March 1, 2019, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

### Tenth Payment

On or before April 1, 2019, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

### Eleventh Payment

On or before May 1, 2019, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

**Twelfth Payment**

On or before June 1, 2019, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

**Final Payment**

On or before July 1, 2019, the COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 87 Walker Street, 2nd Fl., New York, NY 10013 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,500.00, without any deductions or withholdings, payable to "**Morrison - Tenenbaum, PLLC**";

For and in consideration of the payment provided for in this paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANT fully, finally, irrevocably and forever release and discharges COMPANY, including each of its current and former parent corporations, subsidiary and affiliated companies, divisions, related companies, predecessors, successors, assigns, holding companies officers, directors, shareholders, employees and agents from any and all claims causes of action or complaints that were and/or could have been brought in this Action under the Fair Labor Standards Act and New York Labor Law and supporting New York regulations as well as all claims arising out of the termination of his employment by Defendants. ("Claims").

In the event that Defendants fail to make a payment of any monthly installment within five (days) of the due date, Plaintiff, through counsel, shall provide notice of the default by e-mail or regular mail to Defendants. Notice under this provision shall be made either to:

Alicia C. Rood, Esq.
Schroder Joseph & Associates LLP
392 Pearl Street, Suite 301
Buffalo, NY 14202

or

arood@sjalegal.com

or to such designee as advised by Defendants. Defendants will have seven (7) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining as set forth in the attached

confession of judgement shall become due and owing immediately, with interest to commence as of that date at a rate of fifteen (15) percent compounded monthly on the amount remaining to be paid under the agreement. CLAIMANT shall have the right to enforce immediate payment of all remaining unpaid portions of the agreement and to recover costs and disbursements incurred in enforcing in Court the payment obligations under this agreement. Defendants shall execute a confession of judgment substantially in the form attached hereto as Exhibit A.

       3.      Taxes. CLAIMANT understands and agrees that COMPANY is not withholding federal or state income taxes, FICA, Social Security, Medicare, or any other withholding from the settlement payment and therefore agrees and promises to pay all taxes which may be due with respect to those portions of the Settlement Payment in the event a governmental taxing authority determines that any such taxes are due. CLAIMANT further agrees to indemnify and hold COMPANY harmless from all liabilities for failing to withhold the foregoing tax items from the Settlement Payment to them.

       4.      Cooperation. CLAIMANT and COMPANY mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other.

       5.      Entire Agreement. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

       6.      Counterparts. This Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Settlement Agreement.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
Carlos Moina Cuenca

ACKNOWLEDGEMENT

State of New York   )
County of New York)ss.:

On the 8TH day of ~~May~~ JUNE in the year 2018 before me the undersigned, a Notary Public in and for said State, personally appeared Carlos Moina Cuenca personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity/(ies), and that his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**ROBERT L. KRASELNIK**
**Notary Public, State of New York**
**No. 02KR6341795**
**Qualified in Weschester County**
**Expires May 16, 2020**

Sidecar Bar & Grille Inc. d/b/a Sidecar Bar & Grill

By: _____
Name: James B De Coursy
Title: President


_____
James B. Decoursy

# EXHIBIT A

# **AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

I, ("Debtor "), being duly sworn, deposes and says:

1. I reside at _____ and I am an authorized agent of SIDECAR BAR & GRILLE INC. d/b/a SIDECAR BAR & GRILL and (together with Debtor, the "Respondents.")

2. Settlement terms were reached by the parties on _____, 2018, wherein the Respondents agree to pay to CARLOS MOINA CUENA ("CLAMAINT") the sum of $25,000 to settle this action in 13 monthly installments. Beginning with an initial payment of $7,000.00 on June 8, 2018, and then twelve monthly installments of $1,500.00 per month.

3. Respondents hereby confess judgment herein and authorize entry thereof against Respondents, each joint and severally, in the sum of $25,000, less credit for payment received.

4. This Confession of Judgment is for a debt due and owing from Respondents to CLAMAINT arising from the settlement agreement between the parties herein.

             SIDECAR BAR & GRILLE INC.
             d/b/a SIDECAR BAR & GRILL


        By: _____
             Name:
             Title: